JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
ALISA THOMPSON

**DEFENDANTS**
SAM'S CLUB and WALMART STORES EAST, LLC

**(b)** County of Residence of First Listed Plaintiff    Montgomery
          *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant         
          *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Saffren & Weinberg, 815 Greenwood Ave., Ste. 22, Jenkintown, PA 19046; 215-576-0100

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability    ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine    Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability    **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability    ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal    ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice    Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000-1-e-1 (Title VII)

Brief description of cause:
Racial discrimination in employment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/25/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1903 OSBOURNE AVENUE, WILLOW GROVE, PA 19090

Address of Defendant: 608 S.W. 8th ST., BENTONVILLE, AR 72716

Place of Accident, Incident or Transaction: 3925 WELSH RD. WILLOW GROVE PA 19090

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/25/20 _____   _____ Must sign here   60643 _____
_____ Attorney-at-Law / Pro Se Plaintiff   _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, MARC A. WEINBERG _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 11/25/20 _____   _____ Sign here if applicable   60643 _____
_____ Attorney-at-Law / Pro Se Plaintiff   _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALISA THOMPSON                          :
1903 Osbourne Avenue                    :
Willow Grove, PA 19090                  :
        Plaintiff,    :    Civil Action
   v.                               :
                  :    Jury Trial Demanded
SAM'S CLUB                              :
608 S.W. 8th Street                     :
Bentonville, AR 72716                   :
       and              :
SAM'S CLUB                              :
3925 Welsh Road                         :
Willow Grove, PA 19090                  :
       and              :
WALMART STORES EAST, LLC                :
608 S.W. 8th Street                     :
Bentonville, AR 72716                   :
        Defendants.   :

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.    Plaintiff, Alisa Thompson brings this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race and Retaliation, The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation, and other tortious actions.

### II. JURISDICTION AND VENUE

2.    Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343

1

and 42 U.S.C. §2000 e-5(f).

3.     Plaintiff has complied with all jurisdictional prerequisites including those set forth in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission.

4.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

5.     At all times material hereto, Sam's Club and WalMart Stores East, LLC (hereinafter collectively referred to as "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

6.     At all times material hereto, Defendants, employed more than 15 employees.

7.     At all times material hereto, Defendants, were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

8.     At all times material hereto, Defendants, were an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

9.     At all times material hereto, Defendants, were an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

10.     At all times material hereto, the Defendants' discrimination occurred within the district of this Court and in the City and County of Montgomery, at Defendants' Sam's Club location at 3925 Welsh Road, Willow Grove, PA 19090 which is within the purview of the Eastern District of Pennsylvania.

## III. THE PARTIES

11.     Claimant, Alisa Thompson (hereinafter "Thompson"), is an adult female of who

2

is African American.

12.    Upon information and belief, Defendants operate the Sam's Club location at 3925 Welsh Road, Willow Grove, PA 19090, where Plaintiff was employed, and with a registered address and a principal place of business located at the above-captioned address.

13.    Upon information and belief, Amber Miller (hereinafter "Miller"), a Caucasian female, was employed by Defendants as the Plaintiff's manager, and at all times material hereto had the authority to discipline and terminate Thompson.

14.    At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendants', location at 3925 Welsh Road, Willow Grove, Pennsylvania 19090.

## IV.  FACTUAL BACKGROUND

15.    Plaintiff is an African-American female.

16.    Initially, Plaintiff was hired by Sam's Club in October, 2017, as a member services associate, and was eventually promoted to a supervisory position, working at the Defendants' Sam's Club location at 3925 Welsh Road, Willow Grove, PA 19090.

17.    Plaintiff was demoted by the Defendants in or about May, 2019, to merchandising associate.

18.    The Plaintiff's demotion was in direct violation of 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII") for Race and Retaliation.

19.    At all times material hereto, Ms. Thompson was supervised by Amber Miller who is a white female, and who singled out the Plaintiff for her race, African American.

20.    Plaintiff was a student, and worked another job, in addition to working for

3

Defendants, and requested a set Supervisor shift from Ms. Miller, and with Ms. Miller's approval, Plaintiff selected a shift with a 6:00 a.m. start time.

21. Miller was aware Plaintiff was a student and worked in another position in addition to her supervisor job with Defendants.

21. Approximately one week before block scheduling started, Ms. Miller informed the Plaintiff that only available shift was one that required Plaintiff to work from 1:00p.m. to 9:30 p.m.

22. Plaintiff explained to Ms. Miller that because of her schooling and other job, she could not work the 1:00 p.m. to 9:30 p.m. shift.

23. At that point, Ms. Miller informed the Plaintiff that if she was unable to work the 1:00 p.m. to 9:30 p.m. shift, Plaintiff would no longer be able to work as a supervisor for the Defendants.

24. Plaintiff continued to work in a supervisory capacity for the Defendants, but her pay decreased two (2) times, during the course of her employment, costing her nearly five (5) dollars per hour in pay.

25. Plaintiff was then informed that the supervisor position she had been offered by the Defendants was no longer available.

26. Ms. Thompson's white coworkers could take any shifts they desired, while Ms. Thompson was subjected to a demotion for requesting a set shift.

27. Ms. Thompson was also denied a transfer to a Sam's Club store location, where sixteen (16) positions were open.

28. Ms. Miller also informed the Plaintiff that no one wanted the Plaintiff in their

4

department, but never gave a reason as to why.

29.   Rather, Plaintiff was told there was no place for her.

30.   Plaintiff was also held to a separate standard than that of white workers, and white workers were not subjected to the same treatment as African American workers like the Plaintiff.

31.   At all times material hereto, Miller was acting within the course and scope of her employment.

32.   Any acts or omissions attributed herein to Defendants, were committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendants.

33.   At all times material hereto, Plaintiff was subject to harassment and discrimination based upon her Race, which included a hostile work environment and retaliation.

34.   During the course and within the scope of her employment at Defendants, Plaintiff was subjected to demotion by the Defendants because of her race.

35.   At all times material hereto the harassment, hostile work environment and discrimination to which Brown was subjected was unwelcome, severe and unreasonably altered the condition of her employment.

36.   Plaintiff was profoundly upset and affected by the discrimination, harassment and hostile work environment that she was subjected to during the course and scope of her employment.

37.   At all times material hereto, Miller aided and abetted the aforementioned harassment, hostile work environment and discrimination to which Plaintiff was subjected.

38.   The aforementioned conduct of Defendants and Miller was materially adverse and

would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

39. Defendants had a continued need for the work that Plaintiff had been performing.

40. At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

41. As a direct and proximate result of Defendants' aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

    (a)    was discharged from her employment to her great financial detriment

    (b)    was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c)    suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
### ALISA THOMPSON V. SAM'S CLUB and WALMART STORES EAST, LLC
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000

42. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

6

43.    The conduct of Defendants and Miller's treatment of Plaintiff during her employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq* as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her Race.

WHEREFORE, Plaintiff, Alisa Thompson, demands judgment against Defendants, Sam's Club and WalMart Stores, East, LLC including:

(a)    A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)    equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent racial harassment and discrimination and retaliation in the workplace;

(c)    equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to racial harassment and discrimination and retaliation;

(d)    equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e)    compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f)    punitive damages;

(g)    payment of interest and Plaintiff's attorney's fees and costs associated with

7

bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
## ALISA THOMPSON v. SAM'S CLUB and WALMART STORES EAST, LLC
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

44. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

45. The conduct of Defendants' treatment of Plaintiff during her employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon her Race.

46. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her race.

47. As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Alisa Thompson demands judgment against Defendants, Sam's Club and WalMart Stores East, LLC, including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent harassment and discrimination in the workplace;

8

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

Respectfully submitted,

SAFFREN & WEINBERG

BY: _____

MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100

Dated: 11/25/20

9

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alisa Thompson<br>1903 Osbourne Avenue<br>Willow Grove, PA 19090 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
| --- | --- | --- | --- |

|  | ☐ | *On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a))* | |
| --- | --- | --- | --- |
| EEOC Charge No.<br><br>530-2020-04519 | | EEOC Representative<br>**Legal Unit,<br>Legal Technician** | Telephone No.<br><br>(267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

08/29/20

*Jamie R. Williamson*

| **Jamie R. Williamson,<br>District Director** | *(Date Mailed)* |
| --- | --- |

Enclosures(s)

cc:
**Scott Forman
Shareholder
WALMART STORES, INC.
c/o Littler Mendelson, P.C>
2301 McGee Street, Suite 800
Kansas City, MO 64108**

**Maizel, Esq, Robert
815 Greenwood Avenue, Suite 22**

**Jenkintown, PA 19046**